# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2985

_____

| | | |
|---|---|---|
| Hallmark Cards, Inc., a Missouri Corporation, | * * * | |
| Appellee, | * * | Appeal from the United States District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Gainey Transportation Services, Inc., a Michigan Corporation, | * * * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 13, 2006
Filed: February 17, 2006

_____

Before WOLLMAN, FAGG, and ARNOLD, Circuit Judges.

_____

PER CURIAM.

When its lease on computer equipment expired, Hallmark Cards, Inc. contracted with Gainey Transportation Services, Inc. to transport the equipment back to the lessor. During the transfer, the equipment was stolen. After Hallmark negotiated with and paid the amount of loss to the lessor under a liquidated damages provision in the lease, the equipment was found. Hallmark then sold the equipment and brought this diversity action against Gainey Transportation for breach of the shipping contract. As damages, Hallmark sought the difference between the amount paid to the lessor and the amount recouped in the sale. Gainey Transportation

conceded liability, but contested the amount of damages. The district court[*] granted summary judgment to Hallmark, holding that under Missouri law, Hallmark's damages were actual damages, which are recoverable, rather than special damages, which generally are not. See The Paper Magic Group, Inc. v. J.B. Hunt Transp., Inc., 318 F.3d 458, 461-62 (3d Cir. 2003). The court held the amount of damages paid by Hallmark to the lessor reflected the equipment's value, and the damages were reasonably foreseeable to Gainey Transportation under the circumstances. The court explained that Gainey Transportation knew it was transporting leased office equipment from a business that manufactures greeting cards to a company in the business of leasing property to others. Because Gainey Transportation had ample reason to know Hallmark leased the equipment from the lessor, it was foreseeable to Gainey Transportation that Hallmark would be liable to the lessor in the event of loss or theft.

Gainey Transportation appeals arguing the value of goods as determined by the lease was not known to Gainey Transportation and thus the damages constitute unrecoverable special damages. Having carefully reviewed the record and the applicable law, we agree with the district court's assessment of the issue. Because we have nothing to add to the district court's analysis, we affirm without additional explanation. See 8th Cir. R. 47B.

_____

[*]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.